## Henry Koehler and Company v. G. E. Stanley Company.

(Decided March 23, 1926.)

Appeol from Jefferson Circuit Court
(Chancery Branch, Second Division).

Corporations—Claimant of Materialman's Lien Cannot Attack Bona Fide Conveyance to Corporate Purchaser Before Statement was Filed as in Excess of Corporation's Power (Kentucky Statutes,

Section 2463; Constitution, Section 192).—Claimant of material-man's lien, under Kentucky Statutes, section 2463, seeking to avoid a bona fide conveyance to corporation before filing of necessary statement in county clerk's office, could not attack validity of conveyance on ground that purchase by corporation was in excess of its powers and void, under Constitution, section 192.

BEN F. GARDNER for appellant.

O. G. EVERBACH for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Henry Kohler and Company supplied the lumber and building materials to improve the property of Mrs. Addie Henderson to the amount of $1,572.51. About the time the house was finished Mrs. Anderson and her husband, on December 21, 1922, sold and conveyed the property to the G. E. Stanley Company. After this the Koehler Company, without any knowledge of the conveyance, on February 20, 1923, perfected its materialman's lien, given by section 2463, Kentucky Statutes, by filing the necessary statement in the county clerk's office. The statute provides that the lien shall not take precedence of a *bona fide conveyance* for value without notice duly recorded. The deed to the Stanley Company was for value and duly recorded before the statement was filed. This action was brought by the Koehler Company against the Stanley Company to enforce the materialman's lien on the property on this ground: the Stanley Company was incorporated to carry on a merchandising business as set out in its articles of incorporation; but it was and had been for many years not engaged in the merchandising business, but in the business of buying and selling real estate and building houses. Section 192 of the Constitution provides that no corporation shall engage in business other than that expressly authorized by its charter, and the plaintiff sought to enforce its lien on the property on the ground that the purchase of the property was not within the powers of the corporation. The circuit court sustained a demurrer to the petition. The plaintiff appeals.

In 7 R. C. L., section 553, p. 567, the rule on the subject is thus stated:

"The state in whose territory real estate is situated may, of course, in a proper proceeding, contest

the right of a corporation to take and hold the same. But the purchase by a corporation of more real estate than it is authorized to hold is not void; the state alone can object to such acquisition or, in a proper case, a stockholder. As against third persons its title is valid.''

This rule was followed by this court in Louisville School Board v. King, 127 Ky. 824; C. & O. Railroad Co. v. Rosskamp, 179 Ky. 175.

Koehler and Company had no contractual relations with the Stanley Company; was not a shareholder in that company or a creditor of it. It was simply a creditor of Anderson and wife. It had filed no statement of its intention to assert a lien on the property and therefore is simply a general creditor of the Andersons without any lien on the property. It cannot, therefore assail the validity of the deed to the Stanley Company on the ground that the Stanley Company was without authority to buy the property.

Judgment affirmed.